1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T.S.,

                        Plaintiff,

      v.

TOTE SERVICES, LLC

                        Defendant.

No.

**DECLARATION OF GREG HENDERSHOTT**

I, Gregory Hendershott, declare as follows:

1.     I am an attorney for defendant TOTE Services, LLC in the above-entitled action. I am a citizen of the United States of America, am over the age of 18 years, and am competent to make this declaration based upon my personal knowledge. I am admitted to practice law in Washington State, Bar No. 27838.

2.     I performed a verdict search for cases where similar claims were alleged (i.e., sex discrimination, sexual orientation discrimination, harassment, intentional infliction of emotional distress, negligent infliction of emotional distress, and/or constructive discharge) in King County Superior Court over the past ten years. All but one of the plaintiff's verdicts exceeded $75,000. Attached as Exhibit 1 are the true and correct copies of the verdicts I obtained from my verdict search.

DECLARATION OF GREG HENDERSHOTT - 1
4851-1474-0196v.1 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave. NE, Suite 1500
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

3.      My co-counsel Margaret Burnham reached out to Plaintiff's counsel two times (April 6, 2021 and April 13, 2021) asking for clarification on whether Kevin Stith and Efren Ramos Sosa are intended to be named defendants.  We have not received a substantive response.

I declare under penalty of perjury under the laws of the state of Washington the foregoing is true and correct and based on personal knowledge.

Executed in Bellevue, Washington on April 16, 2021.

/s/ *Greg Hendershott*
Greg Hendershott, WSBA #27838

DECLARATION OF GREG HENDERSHOTT - 2
4851-1474-0196v.1 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108ᵗʰ Ave. NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

1

**CERTIFICATE OF SERVICE**

2          The undersigned certifies, under the penalty of perjury under the laws of the state of

3   Washington, that I am now and at all times herein mentioned, a citizen of the United States, a

4   resident of the state of Washington, over the age of eighteen years, not a party to or interested

5   in the above-entitled action, and competent to be a witness herein.

6          On this date, I caused to be served in the manner noted below a copy of the foregoing

7   document on the following:

8       Morgan Mentzer                                ☐ U.S. Mail, postage prepaid
        Lavender Rights Project                       ☐ Federal Express
9       1004 MLK Way                                  ☐ Facsimile
        Tacoma, WA  98405                             ☒ Email
10      morgan@lavenderrightsproject.org              ☐ King County E-service (if opted in)

11

12

13   DATED this 16th day of April, 2021.

14

15                                                 _Victoria White_

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF GREG HENDERSHOTT - 3
4851-1474-0196v.1 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Ave. NE, Suite 1500
Bellevue, WA  98004
425.646.6100 main · 425.646.6199 fax

EXHIBIT 1

JVR No. 1609010027, 2016 WL 4547452 (Wash.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court of Washington, King County.

# ELIAS v. CITY OF SEATTLE

2014-2-31735-2

DATE OF FILING: November 21, 2014
DATE OF TRIAL/SETTLEMENT: July 25, 2016

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $2,832,000**
HIGH AMOUNT: $0

LOW AMOUNT: $0


**Related Court Documents:**
Plaintiffs' first amended complaint: 2016 WL 4491278

Defendant's motion for summary judgment: 2015 WL 11853044

Plaintiffs' response in opposition to summary judgment: 2015 WL 11853045

Defendant's trial brief: 2016 WL 4491279

Plaintiffs' trial brief: 2016 WL 4491282

Verdict form: 2016 WL 4491102


**EXPERT-WITNESSES:**
Plaintiff:
Police Practices: Blaricom, D.P., D.P. Van Blaricom Inc., Bellevue, WA
**ATTORNEY:**
Plaintiff: Julie A. Kays, Connelly Law Offices, Tacoma, WA
Defendant: Jessie L. Harris, Williams Kastner, Seattle, WA
Defendant: Kathleen X. Goodman, Williams Kastner, Seattle, WA
Defendant: Andrea Scheele, Office of the City Attorney, Seattle, WA

JUDGE: William Downing

RANGE AMOUNT: $2,000,000 - 4,999,999
STATE: Washington
COUNTY: King

**SUMMARY**

**PLAINTIFF:**

Sex: Ella Elias: F

Age: Adult, 48

General Occupation: Police Officer

Sex: Steve Strand: M

Age: Adult

General Occupation: Police Officer

Sex: Dave Proudfoot: M

Age: Adult

General Occupation: Police Officer

**DEFENDANT:**

Sex: O

Organization Type: City of Seattle

**DAMAGES:**

Compensatory Pain & Suffering: Ella Elias: $1,500,000

Compensatory Past Wages: Ella Elias: $50,000

Compensatory Future Wages: Ella Elias: $350,000

Total Compensatory Award: Ella Elias: $1,900,000

Total Compensatory Award: Steve Strand: $0

Compensatory Pain & Suffering: Dave Proudfoot: $750,000

Compensatory Past Wages: Dave Proudfoot: $40,000

Compensatory Future Wages: Dave Proudfoot: $142,000

Total Compensatory Award: Dave Proudfoot: $932,000

Punitive Damages: $0

Hedonic Damages: $0

Property Damages: $0

Interest: $0

Other Damages: $0

Loss of Services: $0

**ADVERSE ACTION**

Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: true

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: true

Reduction Pay: false

Reprimands: true

Restrictions: false

Termination: false


**Entity Type: Government Entity**
**STATUTES**
**Primary Specific Statute**
Primary Name: General


**Primary General Statute**
**Primary Name: Retaliation**
Primary General Statute Discrimination: false

Specific Statute: State


**General Statute: Sex Discrimination**
General Statute Discrimination: true

Comparative Negligence Percentage: 0


**FACTS:**

Police Sergeant Ella Elias, Police Lieutenant Steve Strand and Police Captain Dave Proudfoot sued the City of Seattle for retaliation, and Elias also brought a claim for sex discrimination. The plaintiffs were all reportedly 20 year veterans of the defendant's police department, and alleged they were retaliated against, forced to transfer to a different police precinct and demoted in pay, status and/or police force reputation. Elias claimed in response to her filing a successful complaint regarding then current practices that only made a select four African-American officers eligible for lucrative night-club overtime opportunities, she was retaliated against by the African-American officers and by a certain Police Chief that was the officer's personal friend, and whom had originally selected the officers for the overtime opportunity. Specifically, Elias alleged the African-American officers were insubordinate in regards to her leadership, and filed unfounded complaints against her, and that the Police Chief involuntarily transferred her to a new precinct even after ranking supervisors at her current precinct, both Strand and Proudfoot, strongly recommended against her transfer, and expressed high levels of professional praise for her. Additionally, Strand and Proudfoot contended that the same Police Chief retaliated against them for standing up for Elias by following her transfer, causing them to also be involuntarily transferred to different precincts. The City of Seattle denied any wrongful conduct by its employees and contended Elias had numerous concerning race-related complaints against her, and she had once requested to only supervise white male officers under the age of 40. The city also claimed Elias had expressed a desire not to accept supervisory responsibility over a certain officer due to that officer's Native American race, and her transfer was caused by escalating tensions in her current precinct, by her own claim of precinct workplace hostility, and by certain workplace policy violations. Ultimately, the jury found in favor of Elias and Proudfoot on their unlawful retaliation claims and for Elias on her sex discrimination claim, but found against Strand on his unlawful retaliation claim. Elias was awarded $1,900,000, and Proudfoot $932,000.

Jury Verdict Research
COURT: Superior

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.

JVR No. 1812270024, 2018 WL 6815005 (Wash.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court of Washington, King County.

# BENGTSSON v. SUNNYWORLD INTERNATIONAL, INC.; KONG; YIN

2017-2-21987-8

DATE OF INCIDENT: February 03, 2017
DATE OF FILING: August 21, 2017
DATE OF TRIAL/SETTLEMENT: August 31, 2018

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $838,224**

**Related Court Documents:**
Plaintiff's complaint: 2017 WL 10560477

Plaintiff's motion for partial summary judgment: 2018 WL 6112603

Defendants' opposition to plaintiff's motion for partial summary judgment: 2018 WL 6112589

Order granting plaintiff's motion for partial summary judgment: 2018 WL 6252282

Defendants' trial brief: 2018 WL 6112611

Plaintiff's trial brief: 2018 WL 6112582

Verdict: 2018 WL 6111061

Judgment: 2018 WL 6252289

Amended findings of fact re: attorneys' fees, costs, interest: 2018 WL 6252280

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Katherine C. Chamberlain, MacDonald Hoague & Bayless, Seattle, WA
Joseph R. Shaeffer, MacDonald, Hoague & Bayless, Seattle, WA
Defendant:
Glyn E. Lewis, Law Office of Glyn E. Lewis, Seattle, WA

JUDGE: Regina Cahan

RANGE AMOUNT: $500,000 - 999,999
STATE: Washington
COUNTY: King

**SUMMARY**

**PLAINTIFF:**

Sex: F

Age: Adult

General Occupation: Executive Manager

**DEFENDANT:**

Sex: O

General Occupation: Day-Care

Organization Type: Sunnyworld International, Inc.

Sex: F

Age: Adult

Organization Type: Kong

Sex: M

Age: Adult

Organization Type: Yin

**DAMAGES:**

Compensatory Pain & Suffering: $400,000

Compensatory Past Wages: $66,430

Total Compensatory Award: $466,430

Interest: $3,747

Other Damages: $21,283

Attorney Fees: $331,038

Costs: $15,726

**ADVERSE ACTION**

Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: false

Isolation: false

Lay Off: false

Loss Benefits: true

Loss Pay: true

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: Service/Retail Company**
**STATUTES**

**Primary Specific Statute**
Primary Name: State


**Primary General Statute**
**Primary Name: Pregnancy Discrimination**
Primary General Statute Discrimination: true


Specific Statute: General


**General Statute: Retaliation**
General Statute Discrimination: false


Specific Statute: General


**General Statute: Wrongful Termination**
General Statute Discrimination: false


Comparative Negligence Percentage: 0


**FACTS:**

Trina Bengtsson brought claims for pregnancy discrimination under the Washington Law Against Discrimination, retaliation and wrongful discharge in violation of public policy against defendant preschool Sunnyworld International, Inc. and its owners, defendants Xiangling 'Selina' Kong and Bingtuan 'Jeff' Yin. Bengtsson said she began working for defendants as the preschool director during August 2015 and received raises in January and August 2016. During her employment, Bengtsson reportedly increased the school's enrollment, oversaw its curriculum, recruited and managed staff and ran its daily operations. Bengtsson said during January 2017, she informed defendant Kong that she was four months pregnant, her baby was due in late June and she planned to take maternity leave starting in June. On the same day that Bengtsson informed defendants that she was pregnant, defendants allegedly offered the center's male assistant director a job as the director. Three weeks later, defendants allegedly ended Bengtsson's employment, telling her to 'go ahead and take unemployment.' When Bengtsson objected and told defendants that she intended to work until her baby came, defendants allegedly told her that 'in China, people take a lot of time off before their babies arrive.' Bengtsson claimed that after she continued to object, defendants told her they were not happy with her work performance, specifically her handling of receipts while using the company credit card and her failure to meet enrollment goals. Defendants allegedly told Bengtsson that they hoped she would 'come back after her pregnancy to work for them again.' The defendants denied liability and asserted affirmative defenses of unclean hands and failure to mitigate damages. Defendants claimed that when they terminated Bengtsson, the school had only 31 students and she failed to meet her goal of enrolling 50 students per year. Defendants alleged that plaintiff did not provide receipts for over 130 purchases she made on the company credit card. According to the defendants, after they terminated Bengtsson, they discovered that she had created a false record of the amount of vacation time used by herself and her assistant. The defendants also argued that plaintiff failed to mitigate her damages because she did not look for work for a year after her baby was born in June 2017. The jury returned verdicts for the plaintiff on her claims for pregnancy discrimination, retaliation and wrongful termination in violation of public policy. Jurors awarded her a total of $466,430 in damages.


Jury Verdict Research
COURT: Superior

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

---

Case 2:21-cv-00520-BJR   Document 4   Filed 04/16/21   Page 15 of 28

AYNALEM MOBA, AKLILU ALENE, ESAYAS BERHE, ET..., 16 N.W.P.I.Lit.Rpts....

16 N.W.P.I.Lit.Rpts. 249, 2016 WL 5904849 (Wash.Super.) (Verdict and Settlement Summary)

Copyright (C) 2019 by Jury Verdicts Northwest, Inc.
Superior Court of Washington, King County

# AYNALEM MOBA, AKLILU ALENE, ESAYAS BERHE, ET AL.
# v. SEATTLE FREIGHT SERVICES, INC. AND GARY RODIA

15-2-02916-9SEA

Trial Date: June 26, 2016 (4-week trial)

TOPIC: HOSTILE WORK ENVIRONMENT; RETALIATION; RACE & NATIONAL ORIGIN DISCRIMINATION

**SUMMARY:**

**Result: PLAINTIFF VERDICT for $451,011 total. (The verdict included $15,000 to each Plff on their hostile work environment claim and a range of approximately $2,500 to $12,371 for each Plff on their retaliation claim. The Court awarded reasonable attorneys' fees and costs in the amount of $839,298 and a 1.25 multiplier to the loadstar.)**

**ATTORNEY:**

Plaintiff: Jeffrey Needle, Law Offices of Jeffrey Needle; Susan Mindenbergs, Law Offices of Susan B. Mindenbergs (both Seattle)

Defendant: Lucy Clifthorne of Vandeberg Johnson & Gandara (Tacoma)

TRIAL JUDGE: Hon. Hollis Hill

RANGE AMOUNT: $200,000-499,999
STATE: Washington
COUNTY: King County

**INJURIES: ECONOMIC DAMAGES; EMOTIONAL DISTRESS**

Economic damages; emotional distress.

**SUMMARY:**

**Specials: Lost Wages $66,011 (total claimed); General Damages $385,000 (claimed).**

**Settlement:**

Offer: none.

**TEXT:**

Plffs are twenty-three (23) East African immigrants who were working as independent contractors driving trucks under an annual lease agreement with Def. Seattle Freight Services. Plffs contended they were subjected to a racially hostile work environment from approximately 2006-2013, and their contracts were not renewed in retaliation for having filed a previous federal lawsuit alleging racial discrimination.

Jury Verdicts Northwest, Inc.
King County

PUBLISHED IN: Northwest Personal Injury Litigation Reports, September, 2016

Case 2:21-cv-00520-BJR   Document 4   Filed 04/16/21   Page 16 of 28

AYNALEM MOBA, AKLILU ALENE, ESAYAS BERHE, ET..., 16 N.W.P.I.Lit.Rpts....

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

## *Katharine Ann Sweeney v. Washington State Board of Pilotage Commissioners; 2014 Jury Verdicts LEXIS 9972*

11-2-36792-4 SEA

October 01, 2014

**Headline:** Plaintiff: Board's License Denial **Gender** **Discrimination**

**Published Date:** November 17, 2014

**Topic:** Employment - **Gender** **Discrimination**

**Injury:** Emotional Distress

**Practice Area:** Admiralty Law; Energy and Utilities Law; Governments; Labor and Employment Law

**State:** Washington

**Court:** **King** **County** Superior Court

**Plaintiff Counsel**

David E. Breskin

Firm Name: Short Cressman & Burgess

Address: Seattle, WA

Plaintiff Name: (Katharine Ann Sweeney)

Deborah Senn

Firm Name: The Zielke Law Firm P.S.

Address: Seattle, WA

Plaintiff Name: (Katharine Ann Sweeney)

Mark Desierto

Katharine Ann Sweeney v. Washington State Board of Pilotage Commissioners; 2014 Jury Verdicts LEXIS 9972

**Defendant Counsel**

Jana Hartman

Firm Name: Office of Attorney General

Address: Seattle, WA

Defendant Name: (Washington State Board of Pilotage Commissioners)


Tad Robinson O'Neill

Firm Name: Office of Attorney General

Address: Seattle, WA

Defendant Name: (Washington State Board of Pilotage Commissioners)


**Judge:** Catherine Shaffer


**Case Summary**

In 2005, Katharine Ann Sweeney, a boat captain in her late 30s, applied to become a vessel pilot in the Puget Sound, in Seattle. Vessel pilots are licensed by the Washington State Board of Pilotage Commissioners. In the approximately 100 years that the state has licensed pilots, it has never issued a license to a woman. Sweeney was the first female to apply.

By the time Sweeney applied, she reportedly had approximately nine years in the maritime industry, in which she was a captain and master of ocean-going container ships for one of the largest shipping companies on the west coast. The types of commercial ships a vessel pilot could operate for the Puget Sound include a bulk cargo ships, container ships, and oil tankers. Had Sweeney been granted a Puget Sound pilot's license, she would have piloted the same type of large container ships she previously commanded.

Applicants are required to hold a federal master's license, pass a written examination, take a simulator examination, and successfully complete a training program that lasted a minimum of seven months and a maximum of three years.

Sweeney took a written examination and simulator evaluation; her combined score was below the cut line. She appealed her scores to the board, which granted her appeal, and after granting the appeal, she was ranked 13th out of 18 applicants whose combined scores were above the cut line.

In September 2007, Sweeney entered the board's training program which required a minimum of 130 evaluation trips in the Puget Sound. During these trips, she was to be trained and evaluated by one of the licensed Puget Sound pilots on her ship-handling abilities while piloting the ship. All such pilots were men, and all were members of the Puget Sound Pilots Association that billed the shipping companies and collected the fees payable to the pilots for their work.

Sweeney claimed that, not only did she perform satisfactorily on the required 130 trips, but that she was required to do an additional 100 evaluation trips, for a total of 230 trips, whereas her male counterparts were required to perform a substantially less number of trips, and some were licensed after only 130 evaluation trips. According to Sweeney, she was subjected to disparate grading among the pilots; if she made a mistake, she would be marked down for it, whereas another male pilot trainee would make the same mistake and reportedly not be marked down for it.

Katharine Ann Sweeney v. Washington State Board of Pilotage Commissioners; 2014 Jury Verdicts LEXIS 9972

In October 2008, the training evaluation committee, which was made up of five men, recommended to the Washington State Board of Pilotage that Sweeney not receive her pilot license. The board claimed that it had determined that she would not be a safe pilot.

Sweeney sued the state board on claims of **gender discrimination**.

Plaintiff's counsel argued that, despite performing just as well, if not better, as her male counterparts, Sweeney was terminated from the vessel-pilot training program and denied a license because she was a female. Sweeney reportedly earned five-out-of-seven scores on her ship-handling skills (sometimes higher). A grade of five was reportedly a fully satisfactory score on her evaluation scoring sheet.

Plaintiff's counsel cited the comments sections of some of the applicants' tests. For the male applicants, a supervising pilot would make a critical comment that was followed by a supportive remark; for Sweeney, however, there would just be a negative comment, according to her counsel.

The defense contended that all applicants, male or female, who demonstrated unsafe piloting were denied a license. According to the state, no male trainee, or any trainee, performed only 130 trips, as all trainees were required to complete a minimum of 130 trips. All trainees completed more than the minimum. Six trainees who struggled in their initial program, including Sweeney, were given extended training programs; one male trainee completed 242 trips before his licensing decision.

The state maintained that the reasons Sweeney was not licensed were strictly non-discriminatory -- she was an unsafe pilot trainee. According to the state board, plaintiff did not improve in three areas in her training program: speed control, handling control, and use of tug. Sweeney's performance in these areas was reportedly not satisfactory. The defense contended that Sweeney was not the only applicant in her class who did not receive a license; two men did not either.

Plaintiff's counsel asserted that Sweeney did in fact improve markedly in the three areas, as she improved better than some of the male applicants who received their licenses.

**Injury Text:**

Sweeney sought to recover $5.8 million to $7.5 million in back and front pay, which was calculated by her expert in economics. Had Sweeney received her license, the annual salary was between $330,000 in the early years and about $400,000 in the current year.

Sweeney testified that she was devastated when she was denied her vessel-pilot license, since it was her career goal to be able to operate a ship in the Puget Sound. Due to the time commitment of the training program, she was forced to stop working. She later started her own business as a safety consultant for the maritime industry. Sweeney sought to recover unspecified amounts in noneconomic damages for emotional distress.

The defense's expert in economics testified that, if Sweeney sustained any economic loss, it would be approximately $4.1 million in total economic damages.

**Trial Length**

6.0 weeks

| PLAINTIFF NAME | PROPERTY AWARD |
|---|---|
| Katharine Ann Sweeney | $ 3,615,958 |

**Plaintiff Amounts:**

(Katharine Ann Sweeney)

   $1,120,000 Personal Injury: lost past earnings and fringe benefits

Mark Desierto

Katharine Ann Sweeney v. Washington State Board of Pilotage Commissioners; 2014 Jury Verdicts LEXIS 9972

$954,250 Personal Injury: lost future earnings and fringe benefits

$1,541,708 Personal Injury: emotional harm

**Plaintiff Expert(s)**

Fred DeKay, Ph.D.

Address: Seattle, WA

Specialty: Economics

Affiliation: David Breskin, Deborah Senn

**Defendant Expert(s)**

William Partin, C.P.A.

Address: Bellevue, WA

Specialty: Economics

Affiliation: Tad Robinson O'Neill, Jana Hartman

**Award:** $ 3,615,958

**Award Details:** The jury found that the board of pilotage commissioners discriminated against Sweeney, and that the defendants' actions proximately caused damage to the plaintiff.

Sweeney was determined to receive $3,615,958 in damages.



www.verdictsearch.com/index.jsp
Copyright 2014 ALM Media Properties, LLC.
 All Rights Reserved
 Further duplication without permission is prohibited

**End of Document**

JVR No. 1612130034, 2016 WL 7243034 (Wash.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West
Superior Court of Washington, King County.

# WEBB, N.D. v. DIAGNOS-TECHS INC.; EL KHOURY

2015-2-24894-4

DATE OF FILING: October 09, 2015
DATE OF TRIAL/SETTLEMENT: November 01, 2016

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $40,000**

**Related Court Documents:**
Defendants' motion to dismiss: 2016 WL 7181430

Plaintiff's opposition to defendants' motion to dismiss: 2016 WL 7181429

Plaintiff's trial brief: 2016 WL 7181431

Defendants' trial brief: 2016 WL 7181433

Verdict form: 2016 WL 7180423

Judgment: 2016 WL 7191500

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Katherine C. Chamberlain, MacDonald Hoague & Bayless, Seattle, WA
Hank Balson, Public Interest Law Group P.L.L.C., Seattle, WA
Nancy S. Chupp, Public Interest Law Group P.L.L.C., Seattle, WA
Defendant:
Michael A. Patterson, Patterson Buchanan Fobes & Leitch Inc. P.S., Seattle, WA
Megan F. Starks, Patterson Buchanan Fobes & Leitch Inc. P.S., Seattle, WA

JUDGE: Jean Rietschel

RANGE AMOUNT: $1 - 49,999
STATE: Washington
COUNTY: King

**SUMMARY**
**PLAINTIFF:**
Sex: F

Age: Adult

General Occupation: Doctor

**DEFENDANT:**
Sex: O

Organization Type: Diagnos-Techs Inc.

Sex: M

Age: Adult

General Occupation: Executive Manager

Organization Type: El Khoury

**DAMAGES:**
Compensatory Pain & Suffering: $40,000

Total Compensatory Award: $40,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: true

Suspension: false

Sexual Harassment: false

Harassment: false

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: false


**Entity Type: General Business Entity**
**STATUTES**
**Primary Specific Statute**
Primary Name: State


**Primary General Statute**
**Primary Name: Pregnancy Discrimination**
Primary General Statute Discrimination: true

Specific Statute: State


**General Statute: Family and Medical Leave**
General Statute Discrimination: false

Comparative Negligence Percentage: 0


**FACTS:**
Brandy Webb, N.D., a naturopathic physician, sued Diagnos-Techs Inc., a medical laboratory, and its president Maroun El Khoury for pregnancy discrimination, in violation of the Washington Law Against Discrimination, violation of the Washington Family Leave Act, a hostile work environment, and failure to promote. The plaintiff asserted when she became pregnant, El

Khoury announced the promotion of a colleague in a meeting, and told her he decided not to promote her because she was pregnant, and would not be able to travel, even though he never asked if she was interested in the promotion or could handle the travel. Webb contended El Khoury also told her she could work from home two days per week before and after her maternity leave, but after she confirmed that she would be taking the full three months of maternity leave, he retracted his offer and angrily accused her of 'abusing the company and his generosity' by taking three full months of maternity leave. The defendants denied liability and contended the plaintiff made no complaints regarding a hostile work environment, that the promotion at issue involved a change in job description, but no increase in pay, and that the plaintiff was able to take her full maternity leave. The defendants denied El Khoury made a commitment to allow the plaintiff to work from home two days per week on a permanent basis. A jury found in favor of the plaintiff on her pregnancy discrimination claim, awarding her $40,000 for emotional harm, but found in favor of the defendants on Webb's remaining claims. However, the court granted the plaintiff's motion for attorney fees in the amount of $426,652, and $74,589 in costs.

Jury Verdict Research
COURT: Superior

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

JVR No. 1811070034, 2018 WL 5828837 (Wash.Super.) (Verdict and Settlement Summary)

Copyright (c) 2019 Thomson Reuters/West

Superior Court of Washington, King County.

# STUMPF v. RURAL/METRO CORPORATION; RURAL/METRO OF GREATER SEATTLE, INC.; AMERICAN MEDICAL RESPONSE AMBULANCE, INC.

2016-2-29614-9

DATE OF TRIAL/SETTLEMENT: May 08, 2018

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $1,466,380**

**Related Court Documents:**
Plaintiff's supplemental complaint: 2017 WL 10457352

Defendants' motion for partial summary judgment: 2017 WL 10457341

Plaintiff's opposition to defendants' motion for summary judgment: 2017 WL 10457344

Plaintiff's motion for partial summary judgment: 2017 WL 10457342

Plaintiff's trial memorandum: 2018 WL 5635997

Plaintiff's amended trial brief: 2016 WL 11510166

Verdict: 2018 WL 5636020

Defendants' motion for new trial or remittitur: 2018 WL 5636032

Plaintiff's opposition to defendants' motion for new trial or remittitur: 2018 WL 5636006

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Katherine C. Chamberlain, MacDonald Hoague & Bayless, Seattle, WA
Joe Schaeffer, MacDonald Hoague & Bayless, Seattle, WA
Sam Kramer, MacDonald Hoague & Bayless, Seattle, WA
Defendant:
Michael A. Griffin, Jackson Lewis L.L.P., Seattle, WA
Sherry L. Talton, Jackson Lewis P.C., Seattle, WA

JUDGE: Michael R. Scott

RANGE AMOUNT: $1,000,000 - 1,999,999
STATE: Washington

COUNTY: King

**SUMMARY**
**PLAINTIFF:**
Sex: F

Age: Adult

General Occupation: Paramedic

**DEFENDANT:**
Sex: O

Organization Type: Rural/Metro Corporation

Sex: O

Organization Type: Rural/Metro of Greater Seattle, Inc.

Sex: O

Organization Type: American Medical Response Ambulance, Inc.

**DAMAGES:**
Compensatory Pain & Suffering: $410,000

Compensatory Other: $5,000

Total Compensatory Award: $415,000

Attorney Fees: $1,001,923

Costs: $49,457

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: false

Failure Hire: false

Failure Promote: true

Suspension: false

Sexual Harassment: false

Harassment: true

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: true

Loss Pay: true

Loss Seniority: true

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: true

Termination: false

**Entity Type: Transportation Company**
**STATUTES**
**Primary Specific Statute**
Primary Name: State

**Primary General Statute**
**Primary Name: Disability Discrimination**
Primary General Statute Discrimination: true

Specific Statute: State

**General Statute: Sex Discrimination**
General Statute Discrimination: true

Specific Statute: General


**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: State


**General Statute: Pregnancy Discrimination**
General Statute Discrimination: true

Comparative Negligence Percentage: 0


**FACTS:**

Danielle Stumpf asserted claims for disability, pregnancy and gender discrimination and retaliation under Washington's Law Against Discrimination and the Washington Family Leave Act against defendants Rural/Metro Corporation, Rural/Metro of Greater Seattle, Inc. and American Medical Response Ambulance Service, Inc. Stumpf said she worked for defendants as a paramedic and field training officer. When Stumpf notified defendants about her pregnancy in November 2014, she reportedly asked defendants to accommodate her pregnancy-related disabilities with a modified work schedule, an additional person to help her with lifting, or light duty office work. Defendants reportedly refused to change her work shifts from 12 to 8 hours, would not provide her with light duty office work and told her that her 'only option' was to take an involuntary unpaid medical leave. Defendants allegedly excluded Stumpf from training during her pregnancy and maternity leave between December 2014 and August 2015, which caused her paramedic certification to lapse. After she returned to work, defendants allegedly took away her seniority and preferred work shift due to the lapse in her paramedic certification and tolerated her coworkers' harassing comments about milk expression in the workplace. Stumpf said when she complained about the harassment, defendants retaliated against her by imposing a restrictive pumping procedure that required her to undertake a long commute to pump at a designated location, refused to return her to her previous field training officer position and failed to promote her back into the field training officer position, while promoting less qualified employees. The defendants denied liability. They argued that during Stumpf's pregnancy, her doctor placed her on work restrictions that prevented her from performing the essential functions of her job as a paramedic, including lifting, carrying and balancing 110 pounds. Defendants claimed that they accommodated plaintiff's pregnancy by providing her with a five-month-long job-protected leave before the birth of her baby and a three-month leave after the baby was born. Defendants said after the plaintiff returned from her leave, they reinstated her to her paramedic position at a higher hourly rate than when she left. According to defendants, Stumpf was not hired as a field training officer because other candidates were better suited for the role based on their professionalism, attitude, patience and experience. The jury returned a verdict for the plaintiff on her claims for gender discrimination, hostile work environment and retaliation claims and awarded her a total of $415,000 in damages.


Jury Verdict Research
COURT: Superior

---

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.   4