The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T.S.,<br><br>                           Plaintiff,<br><br>        v.<br><br>TOTE Services, LLC,<br><br>                           Defendant. | No. 2:21-cv-00520-BJR<br><br>DEFENDANT'S ANSWER TO<br>AMENDED COMPLAINT FOR<br>DAMAGES |

Defendant TOTE Services, LLC files this Answer to Plaintiff T.S.'s First Amended Complaint.[1]  To the extent that any allegation in the complaint is not specifically admitted, the allegation is denied.  Defendant answers the corresponding numbered paragraphs of the complaint as follows:

## I.  PRELIMINARY STATEMENT

In this suit, T.S., a gay woman, challenges the unlawful treatment she suffered while employed as a Third Mate aboard the TOTE Services vessel M/V Perla Del Caribe.  T.S. was subjected to homophobic harassment and thinly veiled threats by Able-Bodied Seaman Efren Ramos Sosa during their daily watch shifts together.  When she brought the issue to the Captain, Kevin Stith, he excused Ramos Sosa's behavior, forbade T.S. to talk about being gay,

---

[1] It is unclear from Plaintiff's First Amended Complaint whether she is pursuing claims against Kevin Stith and Efren Ramos Sosa as they are not listed in the case caption, but are listed in the "Parties, Jurisdiction, and Venue" section, and Plaintiff's counsel has failed to respond to numerous emails asking for clarification.  Under Civil Rule 10, parties are required to be named in the caption; therefore, this Answer is on behalf of the captioned-Defendant only.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 1
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1    discouraged her from calling HR, and then ordered her to stay in her cabin for nine hours.  No

2    action was taken by Captain Stith or TOTE to protect the Plaintiff.  T.S. fled the M/V Perla Del

3    Caribe as soon as HR agreed to fly her home.

4        **ANSWER:**  To the extent the Preliminary Statement contains legal conclusions, no

5    response is required.  Defendant denies all remaining allegations.

6

7        After these traumatizing experiences, T.S.—who aspired to have a long career as a

8    seaman—is fearful to the shipping industry out of fear for her safety.  She has suffered great

9    financial and emotional losses, and continues to experience medical problems due to the effects

10   of the trauma.

11       **ANSWER:**  Deny Plaintiff had a traumatizing experience based on any unlawful conduct

12   by Defendant while working on the M/V Perla Del Caribe or that she suffered any damages or

13   loss due to the same.  Defendant is without sufficient information to form a belief as to the

14   remaining allegations in this Paragraph and on that basis denies them.

15

16               **II.  PARTIES, JURISDICTION, AND VENUE**

17       1.      Plaintiff resides in Seattle, Washington.  She was at all times material to this

18   action a resident of Kitsap County, Washington.

19       **ANSWER:**  Defendant is without sufficient information to form a belief as to the

20   allegations in this Paragraph and on that basis denies them.

21

22       2.      Defendant TOTE Services, LLC, is a Foreign Limited Liability Company doing

23   business in in Federal Way, King County, Washington.

24       **ANSWER:**  Admit Defendant TOTE Services, LLC is a foreign limited liability

25   company doing business in Washington.  All other allegations not specifically admitted are

26   denied.

27

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 2
4842-3199-1524v.4 0115159-000001

3.      Defendant Kevin Stith was the Captain of the TOTE Services vessel where the events of this case took place, and is a resident of New Orleans.

**ANSWER:**  Admit that Kevin Stith was the Captain of the M/V Perla Del Caribe from December 2018 to present and is a resident of New Orleans.  Any remaining allegations are too vague to answer and on that basis denied.

4.      Defendant Efren Ramos Sosa was an Able Bodied Seaman on the TOTE vessel where the events of this case took place, and is a resident of San Juan/Puerto Rico.

**ANSWER:**  Admit that Efren Ramos Sosa was an Able Bodied Seaman who worked on the M/V Perla Del Caribe at the same time as Plaintiff, and is a resident of San Juan, Puerto Rico.  Any remaining allegations are denied.

5.      Jurisdiction is proper in King County Superior Court pursuant to RCW 2.08.010 and the "Savings to Suitors Clause," 28 U.S.C. § 1333(1).

**ANSWER:**  The allegations set forth in Paragraph 5 state legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations.

6.      Venue is proper in King County, Washington pursuant to RCW 4.12.025.

**ANSWER:**  The allegations set forth in Paragraph 6 state legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations.

7.      Plaintiff has obtained proper service of process on Defendant.

**ANSWER:**  Deny.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 3
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

### III.   FACTUAL ALLEGATIONS

1.      T.S. was hired on December 6, 2018, as a Third Officer on the M/V Perla Del Caribe.  She reported to Captain Kevin Stith, and worked daily with Able-Bodied Seaman Efren Ramos Sosa.

**ANSWER:**  Admit Plaintiff was assigned to be a Third Mate on the M/V Perla Del Caribe on December 6, 2018.  Admit that while working on the M/V Perla Del Caribe, Plaintiff reported to Captain Kevin Stith and frequently worked with Able-Bodied Seaman Efren Ramos Sosa.  Any remaining allegations not specifically admitted are denied.

2.      T.S. took measures to keep her personal life private and to ward off sexism and homophobia from coworkers.  T.S. wore a fake wedding ring, and kept quiet about her sexual orientation.  T.S. anticipated that men on the ship would react badly if they knew she was gay because of the sexist and homophobic culture that she had experienced under Captain Stith on a previous hitch and in the industry at large.

**ANSWER:**  Deny Plaintiff was exposed to sexism and homophobia from her coworkers on M/V Perla Del Caribe while working under Captain Kevin Stith.  Deny Plaintiff kept her personal life private.  Defendant is without sufficient information to form a belief as to the remaining allegations and on that basis denies them.

2. [MISNUMBERED]  T.S. and Mr. Ramos Sosa were scheduled to work the same watch shift.  Mr. Ramos Sosa talked constantly about his girlfriend, including their sex life, while on watch with T.S. After two weeks of daily 4-hour watch shifts during which Mr. Ramos Sosa talked about his girlfriend, T.S. mentioned that she was also seeing a woman casually back home.

**ANSWER:**  Admit that Plaintiff and Efren Ramos Sosa were generally scheduled to work the same watch shift.  Admit Plaintiff disclosed her sexual orientation to Efren Ramos Sosa.  Any remaining allegations not specifically admitted are denied.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 4
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

3.      As soon Mr. Ramos Sosa learned that T.S. was gay, his attitude towards her became openly hostile.  Mr. Ramos Sosa refused to follow her orders, although she was his superior officer.  When she would give him an order, he would frequently respond, "Fuck you, I'm not doing that."

**ANSWER:**  Admit that Efren Ramos Sosa was coached by Captain Kevin Stith and Chief Mate Doug Voss to follow Plaintiff's orders.  Admit Plaintiff was Mr. Ramos Sosa's superior officer.  Any remaining allegations not specifically admitted are denied.

4.      Between December 21st and 24th of 2018, Mr. Ramos Sosa made degrading comments to T.S. about how unimportant her job was, saying that she didn't know anything about shipping, and that he had more responsibility than her.

**ANSWER:**  Deny.

5.      Mr. Ramos Sosa also told T.S. that "all gays are faggots."

**ANSWER:**  Deny.

5. [MISNUMBERED]  On another occasion, Mr. Ramos Sosa told T.S. that he holds grudges against people, and that he had set a car on fire before to get revenge on someone who had "wronged him."

**ANSWER:**  Deny.

6.      T.S. reported the harassment and veiled threats to Chief Officer Douglas Voss on several occasions between December 24, 2018, and January 2, 2019, but insufficient steps were taken to address the behavior.

**ANSWER:**  Deny.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 5
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

7.      T.S. remained professional and only engaged with Mr. Ramos Sosa when absolutely necessary. However, Mr. Ramos Sosa frequently refused to do his job, which T.S., as his supervisor, could not let slide.

**ANSWER:** Deny.

8.      On January 2, 2019, T.S. asked Mr. Ramos Sosa not to sit down on watch, as it was against the rules. He responded, "Hell no, you ain't going to do a power trip on my ass." T.S. had to call the Captain to get Mr. Ramos Sosa to comply. Refusing to follow a superior officer's orders is a fireable offense.

**ANSWER:** Admit that on January 2, 2019, Plaintiff told Efren Ramos Sosa to not sit down while on her watch and that Efren Ramos Sosa responded that he was not sitting down and that she was not going to power-trip on him. Admit Plaintiff called Captain Kevin Stith and he instructed Efren Ramos Sosa to comply with Plaintiff's orders. Deny that failing to follow a superior's order is always a terminable offense. Any remaining allegations not specifically admitted are denied.

9.      When T.S. attempted to explain the situation, Captain Stith put his hand in her face and said, "No. Not your turn." He then asked Mr. Ramos Sosa to comply with T.S.'s orders "for him." Mr. Ramos Sosa at first refused, but the Captain eventually talked him into it. Again, refusing a superior officer's orders should have come with some form of discipline, but Mr. Ramos Sosa was allowed to go on with his work as usual.

**ANSWER:** Admit Captain Kevin Stith told Efren Ramos Sosa to comply with Plaintiff's orders and that Efren Ramos Sosa stated he would comply with the orders that fall within his job description. Deny that failing to follow a superior's order always requires discipline. Any remaining allegations not specifically admitted are denied.

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

10. When T.S. reported Mr. Ramos Sosa's ongoing behavior to Captain Stith later that day, he responded that she should not have talked about being gay. He said, explicitly, that Mr. Ramos Sosa had a problem with her being a "young gay female." He ordered her never to talk about her personal life again, and discouraged her from calling HR so he could have more time to "change [Mr. Ramos Sosa's] mind about homophobia." He refused to switch her shift so she could get away from her harasser.

**ANSWER:** Deny.

11. Almost immediately after this conversation, the Captain asked Mr. Ramos Sosa about his girlfriend in front of T.S. It was clear that the rule was not "don't talk about your relationships," but rather, "don't talk about being gay."

**ANSWER:** Deny.

12. On January 3, 2019, T.S. observed Mr. Ramos Sosa writing in a journal for 45 minutes and not fulfilling his duties, including not updating the ship's heading. Being on watch is like being a lifeguard; any activity that would take your eyes off of the water is strictly prohibited, for safety reasons. When T.S. asked him to please stop writing, he responded, "Do you think I give a shit what you say?" T.S. called the Captain to intervene.

**ANSWER:** Admit that on January 3, 2019, Efren Ramos Sosa was writing in a notebook and that Plaintiff called the Captain. Any remaining allegations not specifically admitted are denied.

13. When Captain Stith arrived on the bridge, he did not allow T.S. to explain, but instead ordered her to go to her room and stay in there until he released her. The Captain kept her in her room for 9 hours.

**ANSWER:** Deny.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 7
4842-3199-1524v.4 0115159-000001

1

2

3

14.     For the first 20 minutes of being confined to her room, T.S.'s intra-ship phone line appeared to be disabled.  She asked Captain Stith if she could use the ship's satellite phone to call HR.

4

5

6

**ANSWER:**  Deny the intra-ship phone line was disabled.  Admit Captain Kevin Stith gave her access to the satellite phone and his handheld phone.  Any remaining allegations not specifically admitted are denied.

7

8

9

10

15.     When she got in touch with HR at around 9:30 am, the HR representative said they would not pay to fly her home until the HR investigation was complete.  This could have been months.

11

12

**ANSWER:**  Defendant is without sufficient information to form a belief as to the allegations in Paragraph 15 and on that basis denies them.

13

14

15

16.     T.S. was terrified, and wanted to leave the ship immediately.  She sent HR her notes on the situation, ending with:  "Please help me."

16

17

18

19

**ANSWER:**  Admit that Plaintiff sent former Director of Human Resources & Labor Relations Melissa Serridge her handwritten notes on January 3, 2019 and that the notes ended with "Please help me."  Defendant is without sufficient information to form a belief as to the remaining allegations and on that basis denies them.

20

21

22

17.     At 11:00 am, the Captain came by T.S.'s cabin and told her he felt like he "let her down."  However, he did not release her from her room.

23

**ANSWER:**  Deny.

24

25

26

18.     At 4:00 pm, T.S. asked if she could go to work.  The Captain said he didn't know yet.

27

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 8
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1    **ANSWER:**  Deny that Captain Kevin Stith ever told Plaintiff she would not be able to go

2    back to work.  Admit that at 4:00 p.m., Captain Kevin Stith was still trying to revise the schedule

3    to put Efren Ramos Sosa and Plaintiff on separate shifts.  Any remaining allegations not

4    specifically admitted are denied.

5

6    19.    While she was confined to her room, she missed the opportunity to do overtime

7    work from 1:00 to 5:00 pm.

8    **ANSWER:**  Deny.

9

10    20.    At 6:00 pm, the Captain called T.S. and told her he was going to let her go back to

11    work for the night's watch shift with a different Able Bodied Seaman, Cole Linnell.

12    **ANSWER:**  Admit that at or about 6:00 p.m. on January 3, 2019, Captain Kevin Stith

13    called Plaintiff and told her she would be working her shift with Able-Bodied Seaman Cole

14    Linnell.  Any remaining allegations not specifically admitted are denied.

15

16    21.    At 9:00 pm, the Captain accused T.S. of missing an inspection.  T.S. explained

17    that this specific inspection wasn't part of her duties, but she was willing to take it on in the

18    future.  The Captain agreed, but then told T.S. that he had actually already done this inspection

19    on December 28, 2018.  T.S. found it strange that the Captain had accused her of forgetting

20    about a task that was not assigned to her and that he had already completed 6 days prior.

21    **ANSWER:**  Deny.

22

23    22.    After experiencing mistreatment by both the AB and the Captain, T.S. started

24    keeping her room locked because she was afraid someone would take or tamper with the log that

25    she was keeping.

26

27

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 9
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1  **ANSWER:** Deny Plaintiff was mistreated by both Efren Ramos Sosa and Captain Kevin

2  Stith.  Defendant is without sufficient information to form a belief as to the remaining allegations

3  and on that basis denies them.

4

5  23.  The next day, when she went to the galley to order breakfast, she saw Mr. Ramos

6  Sosa and did not feel comfortable being in the same room as him.  She was astounded that he had

7  not been sent home for his harassment against her, and began to realize that no one on the ship

8  had her back.  She started taking all her meals back to her room.

9  **ANSWER:** Deny Efren Ramos Sosa harassed Plaintiff.  Admit Plaintiff took some of

10  her meals in her room.  Defendant is without sufficient information to form a belief as to the

11  remaining allegations and on that basis denies them.

12

13  24.  That morning, the Captain shadowed T.S. on her watch, scrutinizing her work for

14  mistakes.  To T.S.'s knowledge, the Captain did not shadow any other employees in this way.

15  **ANSWER:** Deny.

16

17  25.  At 3:30 pm, T.S. was instructed to walk around the deck to look for something to

18  do.  She felt fearful of running into Mr. Ramos Sosa while alone on the deck.

19  **ANSWER:** Defendant is without sufficient information to form a belief as to the

20  allegations in Paragraph 25 and on that basis denies them.

21

22  26.  At 4:00 pm, she asked the Captain if she could use the satellite phone to call her

23  union representative because she was feeling unsafe.

24  **ANSWER:** Admit Captain Kevin Stith gave Plaintiff access to the satellite phone and

25  his own handheld phone whenever Plaintiff asked.  Defendant is without sufficient information

26  to form a belief as to the remaining allegations in Paragraph 26 and on that basis denies them.

27

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 10
4842-3199-1524v.4 0115159-000001

27.     The Captain pressured T.S. to explain, again, why she felt unsafe.  When she did, he became defensive, and refused to do anything.

**ANSWER:**  Deny.

28.     In her logs from this time, T.S. describes the "mental torture" she was going through because she was fearful of retaliation from both Mr. Ramos Sosa and the Captain.

**ANSWER:**  Admit that Plaintiff uses the term "mental torture" in the handwritten notes she submitted to TOTE Service's Human Resources.  Defendant is without sufficient information to form a belief as to the remaining allegations in Paragraph 28 and on that basis denies them.

29.     At 6:00 pm, T.S. again talked to the Captain about her safety concerns.  This time, he said she would not have to work with Mr. Ramos Sosa anymore.  T.S. did not trust him or feel that the issue was truly resolved.

**ANSWER:**  Admit that Captain Kevin Stith revised the schedule to ensure Plaintiff and Efren Ramos Sosa did not have to work together.  Defendant is without sufficient information to form a belief as to the allegations in Paragraph 29 and on that basis denies them.

30.     On January 5, T.S. woke up feeling, in her own words, "uncomfortable and emotionally exhausted/crying from feeling so continuously distraught, isolated, fearful of retaliation/targeting, and feeling unsafe."

**ANSWER:**  Defendant is without sufficient information to form a belief as to the allegations contained in Paragraph 30 and on that basis denies them.

31.     The ship arrived in Puerto Rico.  T.S. called HR and pleaded with them to help her get off of the ship immediately.  HR changed their tune, and offered to fly her to Florida the next day.  They said this was because she had said the specific words, "I feel unsafe," that they

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 11
4842-3199-1524v.4 0115159-000001

1  were able to fly her back to the U.S.  This was confusing to T.S., as she had been communicating

2  her fear for her safety since the last incident, and had sent them her entire log of the harassment

3  incidents.

4  **ANSWER:**  Admit the ship arrived in Puerto Rico on January 5, 2019.  Admit that

5  Plaintiff called former Director of Human Resources & Labor Relations Melissa Serridge and

6  that TOTE Services offered to fly her to Florida the following day.  Defendant is without

7  sufficient information to form a belief as to the remaining allegations and on that basis denies

8  them.

9

10     32.     Later that day, T.S. talked to Mr. Voss and told him everything that had been

11  going on.  Mr. Voss responded, "I hope one day, as you get older, that you can see this from the

12  Captain's side, and know how much he has going on, and how nice it is for him to be focusing

13  on dealing with you."

14  **ANSWER:**  Defendant is without sufficient information to form a belief as to the

15  allegations contained in Paragraph 32 and on that basis denies them.

16

17     33.     On the morning of January 6, 2019, T.S. volunteered to take the watch shift until

18  noon, even though she was about to leave the ship and was not obligated to do this.  During this

19  shift, Mr. Voss called T.S. out on the radio for failing to unplug a refrigerated container from the

20  deck.  Unplugging this container was not T.S.'s responsibility, and this call-out was another

21  contrived and baseless reprimand, just like the Captain accusing her of missing an inspection.  It

22  was clear that Captain Stith and Mr. Voss were looking for reasons to get T.S. in trouble.

23  **ANSWER:**  Deny Plaintiff was the victim of contrived and baseless reprimands, that

24  Captain Kevin Stith accused Plaintiff of missing an inspection, and that Captain Kevin Stith and

25  Doug Voss were looking for reasons to get Plaintiff in trouble.  Defendant is without sufficient

26  information to form a belief as to the remaining allegations contained in Paragraph 33 and on

27  that basis denies them.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 12
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

34.     Later that day, T.S. flew from Puerto Rico to Florida, and met with HR to discuss her treatment on the ship.  During this conversation, HR suggested that T.S., a gay woman, had been in a sexual relationship with Mr. Ramos Sosa, and asked if she had ever sexually harassed him.  HR told T.S. that it would take six weeks for them to conclude their investigation, but that she was "welcome to return to the ship at any time."

**ANSWER:**  Admit that Defendant paid to fly Plaintiff from Puerto Rico to Florida to meet with Human Resources on January 6, 2019.  Admit that Human Resources interviewed Plaintiff and investigated her allegations.  Deny that Human Resources suggested that Plaintiff had been in a sexual relationship with Efren Ramos Sosa.  Admit Plaintiff was asked about an allegation that she sexually harassed Efren Ramos Sosa.  Any remaining allegations not specifically admitted are denied.

37. [MISNUMBERED]  Unable to go back to the incredibly hostile work environment with no changes made, T.S. sent in her resignation on February 28th, 2019.

**ANSWER:**  Admit Plaintiff submitted her resignation on February 28, 2019.  Any remaining allegations not specifically admitted are denied.

38.     T.S. was constructively discharged after enduring homophobic and sexist harassment from her AB and the Captain.  The Captain not only participated in the harassment, but also negligently refused to manage the AB's behavior or follow anti-harassment procedures.  T.S. had to flee the ship, whereas Mr. Ramos Sosa was able to carry on with his career.

**ANSWER:**  Deny.

40. [MISNUMBERED]  T.S. has suffered greatly since being forced out of the industry.  She was working as a waitress, then as a bartender, and is now unemployed.  She does not feel safe returning to the shipping industry at all, which is significant because she spent considerable time and money on education in this field, having graduated from the California Maritime

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 13
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

1    Academy with a BS in marine transportation, minor in law, and simultaneously earned the US

2    Coast Guard Unlimited Tonnage 3rd Mate License.

3        **ANSWER:**  Deny Plaintiff was forced out of the industry or has suffered any damages or

4    loss due to unlawful treatment during her time working for Defendant.  Defendant is without

5    sufficient information to form a belief as to the remaining allegations and on that basis denies

6    them.

7

8        41.    Furthermore, T.S. can no longer access the $2,793.69 in her AMO Pension plan,

9    which she would have had access to if she had worked 100 days at sea in 2019.

10       **ANSWER:**  Defendant is without sufficient information to form a belief as to the

11   allegations in Paragraph 41 and on that basis denies them.

12

13       42.    T.S. has been diagnosed with PTSD from the events that transpired on the TOTE

14   vessel.  She has experienced trauma flashbacks, vomiting, fainting, recurring nightmares,

15   insomnia, hyper vigilance, hair pulling, vertigo, and headaches.  She had to go to the ER on one

16   occasion after fainting during a particularly bad flashback.

17       **ANSWER:**  Deny Plaintiff suffered any damages or is entitled to any damages from her

18   time working for Defendant.  Defendant is without sufficient information to form a belief as to

19   the remaining allegations in Paragraph 42 and on that basis denies them.

20

21                    **IV.    CAUSES OF ACTION**

22       The above paragraphs are herein incorporated by this reference.

23       1.    **Discrimination:**  Defendants, by and through their actions and/or omissions,

24   discriminated against Plaintiff T.S. on the basis of her sex and sexual orientation in violation of

25   RCW 49.60.

26       **ANSWER:**  Deny.

27

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 14
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

2.    **Harassment:**  Defendants, by and through their actions and/or omissions, harassed Plaintiff T.S. because of her sex and sexual orientation in violation of RCW 49.60 and WAC 162-32-040.

**ANSWER:**  Deny.

3.    **Intentional Infliction of Emotional Distress:**  Defendants, by and through their actions and/or omissions, intentionally inflicted emotional distress upon Plaintiff T.S. in violation of RCW 49.60.

**ANSWER:**  Deny.

4.    **Negligent Infliction of Emotional Distress:**  Defendants, by and through their actions and/or omissions, negligently inflicted emotional distress upon Plaintiff T.S. in violation of RCW 49.60.

**ANSWER:**  Deny.

5.    **Constructive Discharge:**  The conduct, acts and omissions of Defendants were the proximate cause of Plaintiff's resignation from employment with TOTE, and constitute constructive discharge in violation of RCW 49.60.

**ANSWER:**  Deny.

6.    **Maintenance and Cure:**  Plaintiff is entitled to compensation under the common law duty of a ship owner to provide maintenance and cure.

**ANSWER:**  Deny.

7.    **Other Claims:**  Plaintiff reserves the right to conduct discovery into alternative claims and additional defendants and to amend these charges as necessary.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 15
4842-3199-1524v.4 0115159-000001

**ANSWER:** "Causes of Action" Paragraph 7 is a legal conclusion to which no response is required. To the extent a response is required, deny.

### DEFENSES AND AFFIRMATIVE DEFENSES

Below are Defendant's affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Defendant reserves the right to amend or supplement its affirmative defenses.

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, completely or in part, by the applicable statutes of limitations.

3.      Plaintiff's causes of action are barred, in whole or in part, because Defendant acted reasonably and in good faith at all times based on all relevant facts and circumstances known by Defendant at the time that Defendant acted.

4.      Defendant's actions were undertaken for legitimate, nondiscriminatory and nonretaliatory reasons, and no unlawful factors motivated Defendant.

5.      Plaintiff's claims, in whole or in part, are barred by the doctrines of unclean hands, laches, waiver, and estoppel.

6.      Plaintiff failed to mitigate damages she sustained, if any.

7.      Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion on the part of Defendant and its agents and employees, undertaken for fair and honest reasons in good faith, under circumstances then existing.

8.      Even if Plaintiff could prove that gender and/or sexual orientation was a factor in any employment action by Defendant, although such is not admitted and is specifically denied, there were other legitimate factors that motivated Defendant's actions. Defendant would have taken the same action with respect to Plaintiff in the absence of any impermissible motivating factors.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 16
4842-3199-1524v.4 0115159-000001

9       Defendant affirmatively pleads that, if its employees committed the acts alleged in the First Amended Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of such employees' employment and such acts were not authorized, adopted or ratified by Defendant.

10.     Plaintiff failed to exhaust administrative or other remedies.

11.     Plaintiff's claims are barred by the doctrine of after-acquired evidence.

12.     Some or all of Plaintiff's claims fail because she has failed to meet the predicate conditions of her cause of action.

13.     If Plaintiff sustained any damages, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff and/or third parties, or Plaintiff and/or third parties otherwise were at fault.  Plaintiff is therefore not entitled to any relief under the First Amended Complaint or under any cause of action purported to be alleged against Defendant, or Plaintiff's recovery, if any, should thereby be reduced in proportion to Plaintiff's fault, or the fault of third parties.

14.     Defendant had a readily accessible and effective policy for reporting and resolving complaints of harassment, discrimination, and/or retaliation, and Plaintiff unreasonably failed to avail herself of that preventative-remedial apparatus.

15.     Defendant took prompt action to correct any improper conduct by any of its employees.

16.     A good faith dispute exists as regarding any monies allegedly owed.

17.     Plaintiff has failed to set out her causes of action with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant reserves the right to add further defenses as the bases for Plaintiff's causes of action become known.

18.     Plaintiff's causes of actions are frivolous, unreasonable or groundless, and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

19.     The Court lacks jurisdiction over the Defendant.

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 17
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

20.     Plaintiff's injuries and damages, if any, are not actionable because the Plaintiff did voluntarily, knowingly and expressly consent to the situation which caused her harm, if any.

21.     Plaintiff, by her conduct and/or acts, words, or silence, amounted to misrepresentation or concealment of material facts, with knowledge or imputed knowledge thereof, and such representation, silence, or concealment was relied on by Defendant to its damage or detriment.

22.     A claim for equitable relief has been unreasonably delayed, and a hardship or injustice to Defendant will result from its enforcement.

23.     Under a conflicts of laws analysis, the state of Florida has the most significant relationship to the events involved in this action and, therefore, Florida law, rather than Washington law, should apply to this action.

24.     Plaintiff's First Amended Complaint and each cause of action therein is barred to the extent they vary from the allegations of the administrative charges filed with the appropriate agency.

25.     Plaintiff's claims are barred by her own breach of duty owed to Defendant.

26.     Plaintiff has received all maintenance and cure to which she is legally entitled.

27.     Plaintiffs' claims are barred, in whole or in part, by the applicable anti-SLAPP statute.

28.     Plaintiff's claims, in whole or in part, are preempted by a binding collective bargaining agreement and/or Section 301 of the Labor Management Relations Act ("LMRA");

Defendant reserves the right to amend its Answer to Plaintiff's First Amended Complaint to state additional affirmative and other defenses, to delete or withdraw affirmative defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE Defendant prays for relief as follows:

1.     That Plaintiff's First Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing by way of relief requested against Defendant;

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 18
4842-3199-1524v.4 0115159-000001

2.      That Defendant be awarded its costs and reasonable attorneys' fees against Plaintiff in defending this action, as authorized by applicable law; and

3.      That the Court award such additional and further relief to Defendant as may be just and equitable under the circumstances.

DATED this 23rd day of April, 2021.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for TOTE Services, LLC*

By: */s/ Greg Hendershott*
     Greg Hendershott, WSBA # 27838
     Margaret Burnham, WBSA #47860
     929 108th Ave. NE, Suite 1500
     Bellevue, WA 98004
     Telephone: (425) 646-6100
     Email: greghendershott@dwt.com
            megburnham@dwt.com

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 19
4842-3199-1524v.4 0115159-000001

## CERTIFICATE OF SERVICE

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | |
|---|---|
| Morgan Mentzer | ☐ Messenger |
| Lavender Rights Project | ☐ U.S. Mail, postage prepaid |
| 1004 MLK Way | ☐ Federal Express |
| Tacoma, WA  98405 | ☐ Facsimile |
| morgan@lavenderrightsproject.org | ☒ Email |

*Attorneys for Plaintiff*

Declared under penalty of perjury under the laws of the state of Washington dated at Bellevue, Washington this 23rd day of April, 2021.

By */s/ Victoria White*
_____
Victoria White, Legal Assistant

ANSWER TO AMENDED COMPLAINT
(No. 2:21-cv-00520-BJR) - 20
4842-3199-1524v.4 0115159-000001

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax