The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T.S.,

    Plaintiff,

v.

TOTE SERVICES, LLC,

    Defendant.

No. 2:21-CV-00520-BJR

**ORDER GRANTING MOTION TO WITHDRAW AND SUBSTITUTE ATTORNEY; GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

The Court held a teleconference on April 14, 2022, to address the parties' discovery disputes, Plaintiff's motion to withdraw and substitute an attorney, and Defendant's motion for sanctions. The Court ruled as follows:

1. Plaintiff's motion to allow Morgan Mentzer to withdraw as Plaintiff's attorney and substitute Patty Rose (Dkt. 33) is granted, on the condition that in the event another conference is necessary to resolve the issues raised in Defendant's motion to compel, withdrawing counsel Morgan Mentzer must attend that conference.

2. Defendant's motion to compel (Dkt. 35) is granted in part and denied in part. Plaintiff is directed to comply with Paragraphs 3-8 of this order no later than

April 22, 2022.

3. Plaintiff must produce all relevant communications between herself and Time's Up Legal Defense Fund.

4. Plaintiff must attempt to recover any missing communications (including text messages, emails, or messages sent via other application) between Plaintiff and her friends or mother that are relevant to her claims and that were sent between January 2017 and the present.[1] If Plaintiff cannot recover and produce communications that Plaintiff deleted, Defendant may be entitled to an adverse inference at trial.

5. Plaintiff must produce, in complete form, missing and/or redacted pages of her personal journal that are relevant to her claims.

6. Plaintiff shall clarify under oath (in writing or in her deposition) whether she had any jobs or businesses that generated income during the relevant period.

7. Plaintiff shall produce any documents or communications in her possession related to Social Security disability benefits.

8. Plaintiff shall produce any materials relied upon by her expert witness that have not already been provided to Defendant, including communications between the expert and the expert's consultant.

9. The Court may assess sanctions at a later date but makes no ruling on that at this time.

---

[1] The parties shall meet and confer to discuss options for recovering the messages. Because Plaintiff has until April 22, 2022, to attempt to recover the messages, this meet-and-confer may take place after that date if necessary.

DATED this 18th day of April, 2022.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE